IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MURILLO, et al., | No. C 05-2293 MMC (PR) |
| Petitioners, | **ORDER OF DISMISSAL; DENYING LEAVE TO AMEND; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| EDWARD CADEN, | |
| Respondent. | (Docket Nos. 2, 5 & 6) |

Ramon Murillos ("Murillos"), currently incarcerated at Salinas Valley State Prison ("SVSP"), and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and subsequently filed a request to amend the petition. Both the original petition and the proposed amended petition state the action is filed on behalf of Murillo "and on behalf of other inmates."

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

In both the original and amended petitions, Murillo alleges that conditions of

confinement at SVSP are in violation of the constitutional rights of himself and other inmates. Specifically, Murillo alleges that prison officials are depriving him and other SVSP inmates of sufficient recreational time outside. The amended petition adds allegations that SVSP officials are not providing inmates with sufficient access to educational and vocational activities. Such claims may not proceed in this action, for two reasons.

First, the preferred practice in this Circuit is that challenges to conditions of confinement be brought in a civil rights complaint, not in a habeas petition. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (holding civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Consequently, Murillo may bring his claims in a civil rights complaint, but not in a habeas petition. Cf. Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (finding challenge to constitutionality of conditions of confinement more properly brought as civil rights action under 42 U.S.C. § 1983). Second, pro se prisoner litigants are not appropriate class representatives as they are not able to "'fairly and adequately protect the interests of the class.'" See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)(quoting Fed. R. Civ. P. 23); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("[A] litigant appearing in propria persona has no authority to represent anyone other than himself."). As Murillo is proceeding pro se, he cannot maintain an action on behalf of other prisoners, even if similarly situated.[1]

In light of the foregoing, the above-titled petition for a writ of habeas corpus is hereby DISMISSED, without prejudice to Murillo's raising his claims under 42 U.S.C. § 1983 in a civil rights action and provided he files such action only on behalf of himself. The request to file an amended petition is DENIED, and the application for leave to proceed

---

[1] Consequently, if Murillo chooses to refile his claims pro se in a civil rights action, he may not do so on behalf of other inmates.

in forma pauperis is GRANTED.

This order terminates Docket Nos. 2, 5 and 6.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: September 27, 2005

_____
MAXINE M. CHESNEY
United States District Judge

United States District Court
For the Northern District of California

3